UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:18-cr-0103-SEB-DML |
| | ) | |
| MICHAEL A. MONTGOMERY, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On October 1, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 26, 2019.  [Dkt. 67.]  Defendant Montgomery appeared in person with his appointed counsel Sam Ansell.  The government appeared by Lindsay Karwoski, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Angela Smith.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Montgomery of his rights and ensured he had a copy of the Petition.  Defendant Montgomery orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Montgomery admitted violation nos. 1, 2, 3, 4, 5, 6, and 7 as set forth in the Petition.  [Dkt. 67.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."** |
| | Mr. Montgomery was arrested on July 29, 2019, for Public Intoxication. He did not report his arrest to this officer, until he was confronted about it on August 7, 2019. This case remains pending in Marion County Court 10, under cause number 49G10-1907-CM-029652. He failed to appear in Court on August 14, 2019, and a warrant for his arrest was issued and remains active. |
| 2 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |
| | Mr. Montgomery was instructed to report to the office on July 29, 2019, but failed to report on that date. This officer attempted to reach him by phone and it went straight to voicemail. This officer contacted his children's mother in an attempt to locate him and asked her to relay a message instructing him report to the office on August 6, 2019. On August 6, 2019, when he did not report, a text message was sent to his children's mother again in an attempt to locate him. She indicated he had left to go to the gas station but she would contact him and instruct him to report by 2:00pm. A short time later the offender contacted this officer and was instructed to report by 2:00pm. A little later he again made contact with this officer and indicated he could report by 3:00pm, but did not report as directed. He contacted this officer a short time later and asked to reschedule. He was rescheduled to August 7, 2019, at 12:30am [sic]. He reported two hours late for his appointment on August 7, 2019. On August 7, 2019, he admitted receiving this officers text messages and voice messages but indicated he did not contact her as directed. On August 14, 2019, this officer instructed him to make contact with her immediately but received no communication from him. On August 19, 2019, this officer attempted a home visit but made no contact at the residence. A business card was left in the door instructing him to report to the office on August 20, 2019. He failed to report or contact this officer on that date. His current whereabouts are unknown. |
| 3 | **"You shall maintain lawful full time employment."** |
| | Mr. Montgomery began employment at Waffle House on May 21, 2019; however, he was terminated on or about June 21, 2019, following an |

altercation between he and his children's mother that occurred at his place of employment. On July 8, 2019, he was referred to PACE, OAR, a service that assists those with felony convictions to locate gainful employment, and instructed to report on July 15, 2019, for orientation. No verification was provided to show he complied with this request. On July 23, 2019, this officer provided him a job lead for July 24, 2019, but he did not report for the interview. On August 7, 2019, he was again referred to PACE, OAR, and instructed to report for orientation on August 12, 2019. No verification has been provided of his attendance. He remains unemployed at this time.

4   **"You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by valid prescription from a licensed medical practitioner."**

Mr. Montgomery was arrested on July 29, 2019, for Public Intoxication due to being found in a public place, passed out from using spice. The report noted that officers were called to the scene on an overdose victim. When they encountered the offender, he was arrested and transported to Eskenazi Hospital due to his physical state at the time. The report additionally indicated that he was trespassed from this location for having been observed smoking spice on three recent prior occasions. When this officer confronted him about this incident on August 7, 2019, he admitted having smoked spice on an off for three years and last smoked it on August 6, 2019.

5   **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer, and abide by the rules and regulations of that program."**

On May 22, 2019, at his initial intake appointment following his release from imprisonment, Mr. Montgomery was referred to the Volunteers of America for a substance abuse and mental health assessment. He was scheduled to report for the assessment on June 3, 2019, but failed to report. He was rescheduled to June 5, 2019, but also failed to report for the appointment. He was rescheduled for a third session on July 1, 2019, but again did not report as scheduled. This officer was advised by the provider that due to the offender missing three scheduled sessions in a row, they could not reschedule him for 90 days.

Mr. Montgomery was referred to Adult and Child on August 7, 2019, for an assessment for for [sic] substance abuse and mental health treatment. He was instructed to contact them on August 8, 2019, to obtain an appointment. To date, no verification of him having engaged in treatment services has been provided.

  6  **"You shall participate in a mental health treatment program, with a focus on anger management, as approved by the probation officer, and abide by the rules and regulations of the program."**

    On May 22, 2019, at his initial intake appointment following his release from imprisonment, Mr. Montgomery was referred to the Volunteers of America for a substance abuse and mental health assessment. He was scheduled to report for the assessment on June 3, 2019, but failed to report for it. He was rescheduled to June 5, 2019, but also failed to report for the appointment. He was rescheduled for a third session on July 1, 2019, but again did not report as scheduled. This officer was advised by the provider that due to the offender missing three scheduled sessions in a row, they could not reschedule him for 90 days.

    Mr. Montgomery was referred to Adult and Child on August 7, 2019, for an assessment for for [sic] substance abuse and mental health treatment. He was instructed to contact them on August 8, 2019, to obtain an appointment. To date, no verification of him having engaged in treatment services has been provided.

  7  **"You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program."**

    On August 7, 2019, the offender was confronted about non-compliance and agreed to complete the MRT program as a means of addressing and redirecting his thinking errors and a pattern of non-compliance. On August 13, 2019, the Court signed the requested modification authorizing the above condition. He was instructed to report for his first group on August 13, 2019. He failed to report on that date and did not contact his officer to explain his missed session. Again, he was scheduled to report on August 20, 2019, for his second session but failed to report and failed to contact his officer to explain his reason for not reporting.

  4.  The parties agreed that:

    (a)  The highest grade of violation is a Grade C violation.

    (b)  Defendant's criminal history category is I.

    (c)  The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

  5.  At the outset of the hearing, the parties had agreed to a sentence of twelve (12) months incarceration, with no supervised release to follow; at that juncture, the parties were in

agreement that an upward departure from the sentencing guidelines was appropriate in light of the agreement that no supervised release would follow Defendant's incarceration. After Defendant had admitted the allegations set forth in the Petition, he elected to withdraw from the parties' agreed disposition and to argue for a lesser sentence. The government recommended a sentence of twenty-four (24) months incarceration with no supervised release to follow. The defendant argued for a sentence of nine (9) months incarceration or less with no supervised release to follow. Defendant requested placement at FCI Terre Haute.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that his supervised release be revoked, and that he be sentenced to the custody of the Attorney General or his designee for a period of nine (9) months with 12 months of supervised release to follow.[1] In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

---

[1] In making this recommendation, the Court was particularly persuaded by Defendant Montgomery's desire to be with his children, and believes that the structured environment provided by further supervised release will greatly assist Mr. Montgomery's efforts to reintegrate with his family.

5

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: These conditions are recommended to assist the probation officer in supervising the offender and facilitating re-entry into the community, as well as to promote respect for the law and reduce recidivism.

12. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

13. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

14. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

15. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that

    impair a person's physical or mental functioning, whether or not intended for human consumption.

Justification: Mr. Montgomery has a history of smoking marijuana and spice. He has a pending new charge which for smoking spice in public. This condition will ensure he is addressing his substance abuse dependency, developing positive coping skills and will aid in monitoring his sobriety.

16. You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

    Justification: Mr. Montgomery's limited criminal history is comprised offenses of violence. He admitted to his officer his inability to control his anger in the past. This condition will assist in addressing his anger control issues and address other potential unidentified mental health needs.

17. You shall participate in an educational services program at the direction of the probation officer and abide by the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use.

    Justification: Mr. Montgomery is 21 years old and withdrew from high school before completion. His future employment opportunities will be positively impacted by him obtaining and completing continuing education. This condition will aid the probation officer in ensuring his progress academically and afford him better employment opportunities in the future.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney. Defendant, on the record, waived reading of the above-noted conditions of supervised release.

    The Court read to Defendant the following condition:

18. You shall participate in a cognitive behavioral program, such as Moral Reconation Therapy (MRT), at the direction of the probation officer and abide by the rules of the program.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  At Defendant's request, the Magistrate Judge further recommends that the District Judge make a recommendation to the Bureau of Prisons of Defendant's placement at FCI Terre Haute, Indiana.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 3 OCT 2019

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal