UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0103-SEB-DML |
| | ) | |
| MICHAEL A. MONTGOMERY, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On January 28, 2021, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 30, 2020. Defendant Montgomery appeared in person. Michael Donahoe appeared as stand-by counsel. The government appeared by Lindsay Karwoski, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer James Thomas.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court conducted a Faretta hearing upon defendant's notice to represent himself. Court found him capable of representing himself.

2. The Court advised Defendant Montgomery of his rights and provided him with a copy of the petition. Preliminary hearing held and probable cause was found.

3. After hearing evidence, the Court found that Montgomery violated 1, 2, 3, 4, and 5. [Docket No. 81.]

4. The allegations that the Court found Defendant violated as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment."** |
| | On October 22, 2020, contact was attempted with Mr. Montgomery at his reported home address. This officer was advised by family he did not live at the location, and had not been there in over a week. His current whereabouts is unknown. |
| 2 | **"You shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |
| | Mr. Montgomery has been instructed to report to the office to see this officer on more than one occasion and failed to report, specifically on September 21, and 28, 2020, as well as October 1, and 2, 2020. However, follow up contact with collateral resources ultimately resulted in contact being made by Mr. Montgomery via phone. He has been verbally admonished for this multiple times. Mr. Montgomery was last seen in the office on October 5, 2020. On October 22, 2020, upon being advised Mr. Montgomery was not living at his reported address, contact was made with collateral resources and reporting instructions were asked to be provided to the offender. Again on October 26, 2020, Mr. Montgomery failed to report as directed and his current whereabouts is unknown. |
| 3 | **"You must not unlawfully possess a controlled substance."** |
| | On October 5, 2020, Mr. Montgomery rendered a urine sample, and admitted using marijuana approximately five days prior. The sample returned negative for illicit drugs. |
| 4 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and avide by the rules and regulations of that program."** |
| | On June 26, 2020, at his initial intake appointment following his release from imprisonment, Mr. Montgomery was referred for a substance abuse and mental health assessment at Take Back Control, LLC. Mr. |

                    Montgomery began the program as directed, but his attendance has been sporadic. As of October 22, 2020, the provider indicated they have not had contact with the client since the beginning of October and attempts to reach him have been unsuccessful.  In addition, Mr. Montgomery failed to report for drug testing via the treatment provider on October 13, and 22, 2020.

5        **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of the program."**

                    On June 26, 2020, at his initial intake appointment following his release from imprisonment, Mr. Montgomery was referred for a substance abuse and mental health assessment at Take Back Control, LLC. Mr. Montgomery began meeting with provider as directed but his attendance has been sporadic. As of October 22, 2020, provider indicated they have not had contact with client since the beginning of October and attempts to reach him have been unsuccessful.

5.    The parties stipulated that:
   (a)    The highest grade of violation is a Grade C violation.

   (b)    Defendant's criminal history category is I.

   (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 3 to 9 months' imprisonment.

6.    The government recommended a sentence of twelve (12) months with no supervised release to follow.  Defendant recommended twelve (12) months of electronic monitoring.

       The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of  nine (9) momths with no supervised release to follow.   The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Magistrate Judge makes a recommendation that Defendant receive mental health counseling and treatment for his substance use.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Date: 1/29/2021

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system